IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01762-MSK

MAINLIN JOSEFINA SUAREZ,

      Petitioner,

v.

REINALDO JOSE MICHELENA CASTRILLO,

      Respondent.

---

## OPINION AND ORDER REMANDING ACTION

**THIS MATTER** comes before the Court *sua sponte*.

The Petitioner and Respondent are the parents of three minor children. On or about June 29, 2011, Ms. Suarez filed a Petition For Enforcement of Child Custody Decree in the Colorado District Court for Arapahoe County. That Petition alleged that the parties are subject to a 2003 divorce and custody decree from a court in Venezuela that gives Ms. Suarez legal custody of the children. The Petition recites that the children resided with Ms. Suarez pursuant to that decree, first in Venezuela and, upon Ms. Suarez's move in September 2007, in Alberta, Canada. Ms. Suarez alleges that she and Mr. Castrillo reached an agreement by which the children would temporarily reside with Mr. Castrillo in Colorado for one school year, and then be returned to Canada. Ms. Suarez alleges that that agreement has now expired, but Mr. Castrillo refuses to return the children to Canada.

Ms. Suarez's proceeding in Arapahoe County invoked C.R.S. § 14-13-101 *et seq.*,

Colorado's implementation of the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA"). Part 3 of that Act incorporates the principles of the Hague Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980. C.R.S. § 14-13-301; § 14-13-302, Official Comment. The statute provides that Colorado courts "shall recognize and enforce a child-custody determination of a court of another state," including foreign nations, C.R.S. § 14-13-303, and allows those courts to "grant any relief normally available under the law of this state to enforce a registered child-custody determination made by a court of another state." C.R.S. § 14-13-306. Upon a properly-supported petition by a parent claiming custodial rights over a child, the state court is required to hold an expedited hearing[1] and direct that the petitioning parent "take immediate physical custody of the child" unless the respondent parent demonstrates certain specific facts calling the validity of the custody order into question. C.R.S. § 14-13-308(4); § 14-13-310.

On July 5, 2011, Mr. Castrillo filed a Notice of Removal pursuant to 28 U.S.C. § 1446, removing the action from the Colorado District Court to this Court. Mr. Castrillo contends that this Court has original jurisdiction over the proceeding pursuant to 28 U.S.C. § 1441, insofar as this action "involves a federal question," although Mr. Castrillo does not specifically identify the source of that question. He notes that Ms. Suarez's petition uses terms that are "used only in matters pursuant to the Hague Convention," that Ms. Suarez had previously filed a request with Canadian authorities under the Hague Convention, and thus, apparently concludes that this action "arises under the Hague Convention."

---

[1] C.R.S. § 14-13-311 contemplates that the petitioning parent may seek a warrant for immediate return of the child, prior to any hearing, upon a showing that "the child is immediately likely to suffer serious physical harm or be removed from the state."

2

The presence or absence of a federal question sufficient to support removal is determined from the face of the well-pleaded state court complaint. *Jefferson County v. Acker*, 527 U.S. 423, 430-31 (1999). A corollary to this rule permits the Court to look beyond the facial allegations of the complaint where the pleader has artfully pled the claims in order to evade "necessary federal questions" that would otherwise arise. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). One such situation arises where state law has been completely preempted by federal law, such that "any claim purportedly based on that preempted state law claim is considered, from its inception, a federal claim." *Id.* at 476, *quoting Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). As always, the party invoking federal jurisdiction – here, Mr. Castrillo – bears the burden of demonstrating that such jurisdiction exists. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

On its face, Ms. Suarez's petition does not invoke a federal question. Her claims arise exclusively under Colorado statutory law; she does not invoke any provisions of the federal International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601, either directly or inferentially. The fact that she uses terminology consistent with the Hague Convention (and, for that matter, with ICARA) is of no significance, insofar as Colorado's UCCJEA is expressly cognizant of the Hague Convention, and indeed, incorporates by reference certain aspects of that treaty. C.R.S. § 14-13-301, -302. Ms. Suarez certainly could have asserted a claim under ICARA either in lieu of or in addition to her claims under Colorado's UCCJEA, *see* 42 U.S.C. § 11603(a) (conferring concurrent jurisdiction on state and federal courts over ICARA claims), but for whatever reason, Ms. Suarez has elected to pursue only those remedies that Colorado provides. Accordingly, the face of her pleading does not invoke any federal question.

Mr. Castrillo's citation to *Matter of Mahmoud*, 1997 WL 43542 (E.D.N.Y. 1997) (unpublished), is inapposite. There, the petitioning parent had filed an ICARA claim in state court, which the respondent parent sought to remove to federal court. *Id.* at *1 ("Petitioner . . . filed a petition in New York state court pursuant to . . . ICARA"). The petitioning parent argued that the federal court lacked subject matter jurisdiction over the claim, insofar as ICARA gave her the decision to elect a state or federal forum for her claim. Finding that removal was permissible where the governing statute – ICARA – granted concurrent jurisdiction to state and federal courts, the court denied the petitioning parent's request for remand. *Mahmoud* is unlike the situation presented here because Ms. Suarez has not invoked ICARA in her petition; she only seeks relief under state law. Unlike the concurrent state/federal jurisdiction provided by ICARA, this Court lacks the authority to exercise federal question jurisdiction over claims arising solely under Colorado law. Thus, *Mahmoud* does not advance Mr. Castrillo's argument.

Mr. Castrillo makes a passing argument that this case falls within the corollary to the well-pleaded complaint rule discussed above – that is, that ICARA effectively preempts Colorado's application of its UCCJEA, thus rendering Ms. Suarez's purported state-law claim to nevertheless invoke federal law. Mr. Castrillo's contentions on this point consist, in their entirety, of two sentences unsupported by citations to supporting authority:

> Father would also set forth that the UCCJEA conflicts with the Hague Convention in that it requires the return of children to a state which may not be the state of the children's habitual residence and is therefore preempted by the Hague Convention. Father would also state that the UCCJEA further conflicts in that it does not afford the minor children the right to object which is afforded to them under the Hague Convention.

Assuming – without necessarily finding – that Mr. Castrillo is correct in asserting that the

UCCJEA permits Colorado's courts to order relief to Ms. Suarez in situations where she would not be able to obtain such relief under ICARA or the Hague Convention, that contention is nevertheless unavailing. Neither ICARA nor the Hague Convention purport to preempt state laws that allow courts to direct the return of a child in circumstances where such relief would be unavailable under ICARA or the Hague Convention. To the contrary, both ICARA and the Hague Convention expressly contemplate that state laws may provide greater protection to parents claiming custody rights. 42 U.S.C. § 11603(h) ("The remedies established by the Convention and this chapter shall be in addition to remedies available under other laws . . . ."); Hague Convention, Art. 18 ("The provisions of this Chapter do not limit the power of a judicial or administrative authority to order the return of the child at any time"). Thus, where Colorado provides Ms. Suarez with an opportunity to obtain return of the children without necessarily satisfying the requirements of a Hague Convention/ICARA claim, the state may nevertheless grant relief that would not otherwise be available to her in a federal claim. Accordingly, Mr. Castrillo's contention that the federal law preempts Colorado state law is without merit.

Thus, the Court finds that Ms. Suarez's claim. The claim arises purely under state law and is not preempted by federal law. Accordingly, Mr. Castrillo has failed to carry his burden of demonstrating that this Court possesses subject-matter jurisdiction over this action. The action is

**REMANDED** to the Colorado District Court for Arapahoe County pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court shall transmit the entire case file to the Clerk of the Court for the Colorado District Court in Arapahoe County, and shall thereafter close this case.

DATED this 7th day of July, 2011.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge